BROWNSTEIN HYATT FARBER SCHRECK, LLP
MITCHELL J. LANGBERG (State Bar No. 171912)
mlangberg@bhfs.com
EMILY L. DYER (State Bar No. 321707)
edyer@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Telephone: 702.464.7098
Facsimile: 310.500.4602

Attorneys for Defendant
CITY OF BALDWIN PARK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| BALDWIN PARK FREE SPEECH COALITION, an unincorporated association; ROBERT EHLERS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BALDWIN PARK,<br><br>Defendant. | CASE NO.: 2:19-cv-09864 CAS-E<br><br>Assigned to Honorable Christina A. Snyder<br><br>**PARTIAL MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**<br><br>Date: July 27, 2020<br>Time: 10:00 a.m.<br>Ctrm: 8D<br><br>Action Filed: November 18, 2019 |

Defendant City of Baldwin Park (the "City" or "Defendant"), by and through the law firm of Brownstein Hyatt Farber Schreck, LLP, hereby submits its Partial Motion to Dismiss Pursuant to FRCP 12(b)(1) (the "Motion"). This Motion is based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, the exhibits and affidavits attached hereto, documents subject to judicial notice, and any oral argument by counsel permitted at the hearing on this matter.

/ / /

/ / /

/ / /

/ / /

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiffs' complaint is riddled with allegations of how the City purportedly violated their constitutional rights. Indeed, the complaint falsely claims that "Plaintiffs have been fined and threatened with tax liens" and that Ehlers was "issued an administrative citation." But Plaintiffs' claims are premised on the false assertion that the City actions violated *their* constitutional rights. But, the very citations at issue refute Plaintiffs' allegations. No citations or fines were imposed against Plaintiffs.

Because the City did not impose *any* fines, let alone excessive fines, on Plaintiffs, they have not suffered any injury. Consequently, Plaintiffs cannot establish the critical element of standing to assert that their constitutional rights were violated. Accordingly, to the extent that Plaintiffs assert as-applied challenges under the Eighth and Fourteenth Amendments, Plaintiffs' second and third claims for relief must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks subject-matter jurisdiction for lack of standing. Similarly, Ehlers' claim for First Amendment retaliation must also be dismissed because this Court lacks jurisdiction to consider the fourth claim for relief.

## II.    FACTUAL BACKGROUND.

### A.    The Parties.

Robert Ehlers ("Ehlers") alleges he is a member of the Baldwin Park Free Speech Coalition ("BPFSC," collectively with Ehlers, "Plaintiffs"), an association that claims to promote transparency in local governance. Defendant City of Baldwin Park is a California municipal entity.[1] The Albert F. Ehlers, as trustee of the Ehlers, Albert F. & Albert F. Ehlers Personal Trust (the "Trust") is the owner of the real property located at 15110 Ramona Boulevard, Baldwin Park, CA 91706

---

[1] *See* Complaint, Dkt. #1, filed herein on November 18, 2019; Amended Complaint, ¶¶10-12 (Dkt. #9), filed herein on November 25, 2019 ("Compl.").

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
310.500.4600

(the "Property").[2]

### B. Two Non-Compliant Signs are Placed on the Property and the City Issues Notices and Citations to the Property Owner in Response.

On or about April 17, 2019, the City became aware of two oversize, unpermitted identical banners placed on the East and West sides of the Property.[3] In an initial attempt to enforce the Baldwin Park Municipal Code ("BPMC") § 153.170, which regulates signs, the City issued a Notice of Violation to the Trust as the owner of the Property.[4] Over the next several months, the City issued citations and imposed fines against the Trust for its continued non-compliance with the BPMC by failing to remove the oversize signs.[5] In total, the City cited the Trust six times and issued fines totaling $7,600.[6] No citations or fines were ever imposed on Ehlers or BPFSC.[7]

### C. Plaintiffs File Suit Against the City.

Plaintiffs filed this lawsuit against the City, alleging the following Claims for Relief: (1) 42 U.S.C. § 1983: First Amendment; California Constitution Article I, §§ 2 and 3; (2) 42 U.S.C. § 1983: Fourteenth Amendment (Due Process); California Constitution Article I, § 7; (3) 42 U.S.C. § 1983: Eighth and Fourteenth Amendment; California Constitution Article I, § 13 Excessive Fines; (4) 42 U.S.C.

---

[2] Plaintiffs allege that Ehlers' family was the owner of the real property. Compl., at ¶12.
[3] *See* Code Enforcement Notes, attached as **Exhibit 1** to the Appendix filed concurrently herewith.
[4] *See* Letter re: Notice of Violation, dated April 17, 2019, attached as **Exhibit 2** to the Appendix.
[5] *See* Code Enforcement Notes, Ex. 1; Citation and Failure to Comply Notice, dated May 2, 2019, attached as **Exhibit 3** to the Appendix; Failure to Comply Notice, dated May 23, 2019, attached as **Exhibit 4** to the Appendix; Citation and Failure to Comply Notice, dated June 7, 2019, attached as **Exhibit 5** to the Appendix; Citation and Failure to Comply Notice, dated August 28, 2019, attached as **Exhibit 6** to the Appendix; Citation and Failure to Comply Notice, dated September 10, 2019, attached as **Exhibit 7** to the Appendix; Citation and Failure to Comply Notice, dated September 24, 2019, attached as **Exhibit 8** to the Appendix.
[6] *See* Code Enforcement Notes, Ex. 1.
[7] *See* Declaration of Jose Martinez ("Martinez Decl."), at ¶9, filed concurrently herewith.

§ 1983: First Amendment Retaliation by Plaintiff Robert Ehlers against the City; and (5) California Civil Code § 52.1: The Bane Act.[8]

## III.   LEGAL ARGUMENT.

### A.   Fed. R. Civ. P. 12(b)(1) Standard.

Federal courts enjoy limited jurisdiction, and thus must dismiss claims over which they lack subject-matter jurisdiction. *Simpson v. California Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1020 (S.D. Cal. 2013). Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Fed. R. Civ. P. 12(b)(1). *Id.*

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Conversely, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Lycurgan Inc. v. Jones*, No. 14-CV-1679 JLS BGS, 2014 WL 5393036, at *1 (S.D. Cal. Oct. 22, 2014).

When there is a factual attack the Court may look beyond the Complaint to affidavits and other evidence submitted by the parties in order to evaluate the Rule 12(b)(1) motion. *Id.* Indeed, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ'g Co., Inc. v. Gen.*

---

[8] *See generally* Compl.

4

*Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)); *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201. Under either attack, however, the plaintiff bears the burden of establishing that it has standing to bring the claims asserted. *Simpson*, 989 F. Supp. 2d at 1020.

To have standing, Plaintiffs must each demonstrate: (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) redressability. *MHL TEK, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011). "Courts also recognize three prudential principles that must be considered in the standing analysis: (1) a party generally must litigate its own rights and not the rights of a third party; (2) the question must not be an abstract, generalized grievance; and (3) the harm must be in the zone of interests protected by the statute or constitutional provision at issue." *In re Rosuvastatin Calcium Patent Litig.*, 719 F. Supp. 2d 388, 398 (D. Del. 2010) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 474-75 (1982)).

### B. Plaintiffs Lack Standing to Assert As-Applied Challenges to the Code.

A constitutional challenge to a statute "may be of two types: a facial challenge and an as-applied challenge." *Pfeifer v. John Crane*, 220 Cal.App.4th 1270, 1310 (2013). An as-applied challenge "contemplates analysis of the facts of a particular case or cases" to determine whether, in "particular circumstances the

application [of the statute] deprived the individual to whom it was applied of a protected right." *Tobe v. City of Santa Ana*, 9 Cal.4th 1069, 1084 (1995). *Cf. Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."). In contrast, a facial challenge "considers only the text of the measure itself, not its application to the particular circumstances" to determine whether the challenged provisions "inevitably pose a present total and fatal conflict with applicable constitutional prohibitions." *Id.* "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

In three of their claims for relief, Plaintiffs alleged that the City violated their constitutional rights stemming from the fact that Plaintiffs were issued citations and/or subject to fines.

- In their second claim for relief,[9] Plaintiffs appear to allege that the Code provisions relating to challenging administrative citations lack due process guarantees as applied to Plaintiffs.[10]
- In their third claim for relief,[11] Plaintiffs appear to assert an as-applied

---

[9] Compl., at ¶57.
[10] It is unclear whether Plaintiffs assert a procedural or substantive due process claim, both, or some hybrid of the two. *See, e.g.*, Compl., at ¶60 ("Plaintiffs contend that the BPMC provisions lack adequate standard and procedural safeguards against arbitrary and capricious application of the law."). "Substantive due process protects individuals from arbitrary deprivations of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). A substantive due process violation occurs only when the government's action "shocks the conscience." *Id.* Procedural due process requires notice of an "opportunity to be heard at a meaningful time and in a meaningful manner." *Schnieder v. Cty. of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994). Plaintiffs lack standing to pursue a substantive or procedural due process claim.
[11] Compl., at ¶¶61-66.

6

challenge to the Code's provisions related to administrative fines under two theories: (1) the City purportedly violated Plaintiffs' Eighth Amendment Right by imposing "excessive fines" and (2) that the City purportedly violated Plaintiffs' procedural due process rights in imposing the "excessive fines."[12]

- In his fourth claim for relief,[13] Ehlers contends that he was retaliated against him in violation of the First Amendment when the City "charged [him] with violating the City's sign ordinance, subjected [him] to an arbitrary and capricious administrative process and excessive and punitive fines."[14]

Plaintiffs' allegations are based on the unsupported premise that they were

---

[12] The Eighth Amendment of the Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. XIII. Recently, the Supreme Court determined that the Fourteenth Amendment incorporates the excessive fines provision of the Eighth Amendment. *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019). Accordingly, the Eighth Amendment's excessive fines protection is enforced against State and local governments. *Id.*

The Fourteenth Amendment provides that
No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV. The Due Process Clause of the Fourteenth Amendment requires only that adequate notice and process be afforded when an individual is deprived of property. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Indeed, the Supreme Court has "described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.'" *Id.* (citations omitted) (emphasis added).

[13] Compl., at ¶69.

[14] The "First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "If an official takes adverse action against someone based on that forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman*, 547 U.S. at 256). Importantly, a party alleging a First Amendment retaliation claim must establish a "causal connection" between the government's "retaliatory animus" and the party's "subsequent injury." *Hartman*, 547 U.S, at 259.

7

issued citations, fines, or were otherwise charged by the City relating to the signs. The evidence, namely the citations that the City actually issued, refutes Plaintiffs' claims.[15]  No citations or fines were issued against either Plaintiff.  Because the City did not issue citations, impose fines, or otherwise charge Plaintiffs, Plaintiffs lack standing to assert their second, third, and fourth claims for relief, as detailed herein.

### 1. Ehlers Does Not Have Standing Because the Trust, Not Ehlers, Was Cited for Violating the Code.

Ehlers lacks standing to assert that the City violated his Eighth or Fourteenth Amendment rights, or claim that he was retaliated against for exercising his First Amendment right, because Ehlers was not fined or cited.  In truth, the City issued administrative citations to the Trust.[16]  *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) (stating that "[a] closely related principle is that constitutional rights are personal and may not be asserted vicariously"); *Jankey v. Los Burritos, Inc.*, No. CV 04-7864 CBM RZX, 2005 WL 5517233, at *4 (C.D. Cal. Oct. 4, 2005) ("Prudential standing requirements include the general prohibition on a litigants raising another person's legal rights."  (citation and quotation marks omitted)).

Because the City did not impose or attempt to impose any fines on Ehlers, he cannot claim his rights were violated or that he suffered any injury.[17]  *Simic v. City of Chicago*, 851 F.3d 734, 739 (7th Cir. 2017) (concluding that Chicago did not violate plaintiff's Eighth or Fourteenth Amendment rights because "Chicago has not extracted any payment from plaintiff and no longer seeks to do so").

As a result, Ehlers fails to meet the first and critical requirement to establish standing, namely that he suffered an injury in fact.  Because Ehlers suffered no injury, Ehlers cannot establish the remaining elements of standing: causation or redressability.  Accordingly, because Ehlers cannot establish standing, this Court

---

[15] *See* Exs. 3-8.
[16] *See* Exs. 3-8.
[17] Martinez Decl., at ¶9.

8

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1)
CASE NO. 2:19-CV-09864 CAS-E

lacks subject matter jurisdiction to consider Ehlers' challenge under the Eighth and Fourteenth Amendments or his First Amendment retaliation claim.

### 2.  The BPFSC Does Not Have Standing Because It Cannot Establish that Its Member has Standing.

The BPFSC also lacks standing to assert that the City violated its Eighth or Fourteenth Amendment rights because it cannot establish that it was injured or that its member, Ehlers, has standing.  An organization may establish standing in two ways: (1) direct standing or (2) representational standing.  Under the former, like an individual, the court looks to whether the organization suffered an injury, "a concrete and demonstrable injury to the organization's activities—with the consequent drain on the organization's resources—constitutes far more than simply a setback to the organization's abstract social interests."  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002).  For the later, "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

The BPFSC, an unincorporated association,[18] has not and cannot allege that it suffered a direct injury from the City's issuance of the administrative citations.  No citations were issued to nor were any fines imposed on BPFSC.[19]  Accordingly, BPFSC can only establish standing under the theory that it is bringing the claim on behalf of its members in a representational capacity.  *Id.*  As established in Section III.B.1., Ehlers, a participant of BPFSC,[20] does not have standing to assert the third claim for relief.  And, Plaintiffs fail to allege that the City violated any other

---

[18] Compl., at ¶10.
[19] Martinez Decl., at ¶9.
[20] Compl., at ¶4.

member's rights in order to establish standing.

Accordingly, because BPFSC's member does not have standing to sue in his own right, BPFSC does not have representational standing. *See id.* Therefore, this Court lacks jurisdiction to hear BPFSC's second and third claim for relief.

## IV. CONCLUSION.

Based on the foregoing, the City respectfully requests that this Court dismiss Ehlers' fourth claim for relief, and Plaintiffs' second and third claims for relief (to the extent they assert as-applied challenges under the Eighth and Fourteenth Amendments) pursuant to FRCP 12(b)(1).

Dated: June 29, 2020

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Mitchell J. Langberg*
MITCHELL J. LANGBERG
EMILY L. DYER
Attorneys for Defendant
CITY OF BALDWIN PARK