UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | December 9, 2020 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                           Not Present

**Proceedings:**   (In Chambers) – MOTION TO FILE SECOND AMENDED COMPLAINT (Dkt. 59, filed November 6, 2020)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Baldwin Park Free Speech Coalition ("FSC"), an association that seeks to promote transparency in local government, and one of its members, plaintiff Richard Ehlers (together, "plaintiffs"), filed this action against the City of Baldwin Park ("the City") on November 18, 2019, to challenge the constitutionality and prevent the enforcement of portions of the City's amended sign ordinance, Baldwin Park Municipal Code ("BPMC") §§ 153.170.040 and 153.170.060 (the "sign ordinance"). See Dkt. 1 ("Compl."). Plaintiffs filed a first amended complaint on November 25, 2019. See Dkt. 9 ("FAC"). The FAC alleges that (1) the sign ordinance violates plaintiffs' rights secured by the First Amendment to the United States Constitution, as well as the First Amendment to the California Constitution, by imposing: (a) an unlawful content-based restriction on protected speech, (b) an unlawful prior restraint on protected speech, and (c) an unlawful tax on protected speech. Id. ¶¶ 49–55. The complaint also alleges that the sign ordinance (2) violates plaintiffs' rights to due process secured by the Fourteenth Amendment, id. ¶¶ 56–60, (3) imposes an unconstitutional fine in violation of the Eighth and Fourteenth Amendments, id. ¶¶ 61–66, (4) has been used to unlawfully retaliate against plaintiff Ehlers's free expression, id. ¶¶ 67–71, and (5) violates California's Bane Act, Cal. Civil Code § 52.1, id. ¶¶ 72–74.

On June 29, 2020, the City filed a motion for partial judgment on the pleadings, see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | December 9, 2020 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

Dkt. 39 ("MJP"), and to a motion to dismiss for lack of standing, see Dkt. 40 ("MTD"). Specifically, the City sought an order granting judgment on the pleadings to the City on plaintiffs' First Amendment claim that the sign provisions unconstitutionally restrict protected speech on their face, plaintiffs' First Amendment and Fourteenth Amendment claims to the extent they contend that the permitting provisions constitute an unlawful prior restraint, and plaintiffs' Bane Act claim under California state law. See MJP at 7. The City also sought an order dismissing plaintiffs' as-applied Eighth and as-applied Fourteenth Amendment claims, and Ehlers' as-applied First Amendment retaliation claims, to the extent those claims derive from fines the City has imposed. See MTD at 2.

On September 15, 2020, the Court issued an order granting the City's motion to dismiss the as-applied claims for lack of standing with leave to amend, and granting the City's motion for partial judgment on the pleadings on plaintiffs' Bane Act claim, without leave to amend. Dkt. 55 ("Sep. 15 Ord.") at 15. The Court also dismissed the Bane Act claim for lack of standing, without leave to amend. Id. The Court, however, withheld judgment on the City's motion for partial judgment on the pleadings on plaintiffs' facial constitutional claims. Id. The Court ordered that plaintiff had "30 days to file an amended complaint to cure the jurisdictional standing defects in its as-applied constitutional claims." Id.

Plaintiffs filed a second amended complaint ("SAC") on October 16, 2020. Dkt. 56. The SAC amends the FAC by (1) re-writing the fact section to allege injury to plaintiff Ehlers, and (2) challenging the entirety of the sign code, BPMC §§ 153.170 et seq., rather than only the two provisions previously challenged, BPMC §§ 153.170.040 and 153.170.060. See generally, dkt. 59-2, Exh. B ("SAC redline"). However, the City argues the allegations newly raised in the SAC fall outside the scope permitted by the Court's September 15 order. The parties therefore stipulated that plaintiffs should file a motion for leave to file a SAC, and that defendant be given additional time to respond to that motion. Dkt. 57 (attached). (In this way, defendant would not have to file a motion to strike the already-filed SAC.) On October 30, 2020, the Court granted the stipulation. Dkt. 58.

Accordingly, on November 6, plaintiffs filed a motion for leave to file a SAC pursuant to Fed. R. Civ. P. 15 and 16(b) (also styled a "Motion to Amend"), along with a the previously filed SAC. Dkt. 59 ("Mot."). Defendants opposed, dkt. 60 ("Opp."), and plaintiffs replied, dkt. 61 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-09864-CAS-Ex | Date | December 9, 2020 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Once the deadline to file amended pleadings has passed, a party seeking leave to amend must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The scheduling order may be modified only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

If the moving party shows good cause under Rule 16(b), the court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. Id. at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is "denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rule 15(a) "is to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), and whether to permit amendment is a decision "entrusted to the sound discretion of the trial court," Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982).

## III. DISCUSSION

Plaintiffs argue that leave to amend should be granted because, although "the Court's Scheduling Order, issued April 6, 2020, set September 10, 2020 as the date by which to seek leave to amend the pleadings or add parties[,] [] the Court's Order ruling on Defendant's two dispositive motions expressly granted leave to file a Second Amended Complaint no later than October 16, 2020." Mot. at 7. Furthermore, plaintiffs argue leave to amend is appropriate pursuant to Fed. R. Civ. P. 15 because, among other things, there is no prejudice to defendant because no new separate claims or parties are added,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | December 9, 2020 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

discovery is not complete, and there is no undue delay. Mot. at 3-7; Reply at 2-6. The City argues that there is no good cause as required by Rule 16, Opp. at 19, and that leave should be denied pursuant to Rule 15 because (A) plaintiffs now challenge the entirety of the sign code, which goes beyond the limited leave to amend permitted by the Court's September 15 order; (B) leave is untimely and the facts upon which plaintiffs seek leave to amend were known at the time the FAC was filed; (C) the City would be prejudiced; and (D) granting leave would be futile, Opp. at 7–19.

The Court concludes that plaintiffs diligently met the Court's requirement that the FAC be amended within 30 days of the Court's September 15, 2020 order.[1] See Johnson, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Furthermore, the Court concludes that the City has not established bad faith, undue delay, futility, or undue prejudice. See Chudacoff, 649 F.3d 1152. Finally, the Court concludes granting leave to amend would be in keeping with the "preference of the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 550 (2010).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion for leave to file a second amended complaint.

IT IS SO ORDERED.

00:00
CMJ

---

[1] Although 30 days from the issuance of the Court's September 15 order was October 15, 2020, the Court finds the fact that plaintiffs were one day late in filing their SAC is not a sufficient basis to warrant striking the amended pleading.