UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　Attorneys Present for Defendants:

Not Present　　　　　　　　　　　　　Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 39, filed June 29, 2020)

DEFENDANTS' PARTIAL MOTION TO DISMISS (Dkt. 40, filed June 29, 2020)

This order supersedes this Court's September 15, 2020 order. Dkt. 55.

**I.　INTRODUCTION**

This case raises the latest challenge to defendant City of Baldwin Park's ("City's") sign ordinance, which this Court enjoined in July 2017, and which the City subsequently amended in November 2017.

Plaintiff Baldwin Park Free Speech Coalition ("FSC"), an association that seeks to promote transparency in local government, and one of its members, plaintiff Richard Ehlers, filed this action against the City on November 18, 2019, to challenge the constitutionality and prevent the enforcement of the City's amended sign ordinance, Baldwin Park Municipal Code ("BPMC") § 153.170.040 et seq. (the "sign ordinance"). See Dkt. 1 ("Compl."). Plaintiffs filed a first amended complaint on November 25, 2019. See Dkt. 9 ("FAC"). As in the first action, the first amended complaint alleges that (1) the sign ordinance violates plaintiffs' rights secured by the First Amendment to the United States Constitution, as well as the First Amendment to the California Constitution, by imposing: (a) an unlawful content-based restriction on protected speech, (b) an unlawful prior restraint on protected speech, and (c) an unlawful tax on protected speech. Id. at ¶¶ 49–55. The complaint also alleges that the sign ordinance (2) violates plaintiffs' rights to due process secured by the Fourteenth Amendment, id. ¶¶ 56–60, (3) imposes an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

unconstitutional fine in violation of the Eighth and Fourteenth Amendments, id. ¶¶ 61–66, (4) has been used to unlawfully retaliate against plaintiff Ehlers's free expression, id. ¶¶ 67–71, and (5) violates California's Bane Act (Cal. Civil Code § 52.1), id. ¶¶ 72–74.

On December 30, 2019, plaintiffs filed a motion for a preliminary injunction. See Dkt. 11-1 ("PI"). The motion sought to enjoin the City from enforcing the sign ordinance during the pendency of this litigation, and was based solely upon plaintiffs' First Amendment claim for relief. Id. at 1–2. On February 13, 2020, the Court denied the motion for a preliminary injunction on grounds that plaintiffs failed to raise any serious questions on the merits of their First Amendment claims as a matter of law. See Dkt. 29 ("PI Order").

The City filed the instant partial motions for judgment on the pleadings, see Dkt. 39 ("MJP"), and to dismiss for lack of standing, see Dkt. 40 ("MTD"), on June 29, 2020. Specifically, the City seeks an order granting judgment on the pleadings to the City on (1) plaintiffs' First Amendment claim that the sign provisions unconstitutionally restrict protected speech on their face, (2) plaintiffs' First Amendment and Fourteenth Amendment claims to the extent they contend that the permitting provisions constitute an unlawful prior restraint, and (3) plaintiffs' Bane Act claim under California state law. See MJP at 7. The City also seeks an order dismissing (1) plaintiffs' as-applied Eighth and (2) as-applied Fourteenth Amendment claims, and (3) Ehlers' as-applied First Amendment retaliation claims, to the extent those claims derive from fines the City has imposed. See MTD at 2.

Plaintiffs filed oppositions on July 20, 2020. See Dkts. 46 ("MTD Opp."), 47 ("MJP Opp."). The City filed replies on August 3, 2020. See Dkts. 49 ("MTD Reply"), 50 ("MJP Reply"). After a hearing on August 17, 2020, the Court requested supplemental briefing, see Dkt. 52, which the parties submitted, see Dkts. 53 ("Plt. Supp. Brief"), 54 ("City Supp. Resp."). The Court then took the matter under submission.

On September 15, 2020, the Court issued an order granting in part the City's partial motion to dismiss and partial motion for judgment on the pleadings. Dkt. 55. Specifically, the Court granted the City's partial motion to dismiss the as-applied claims for lack of standing with leave to amend, and granted the City's partial motion for judgment on the pleadings on plaintiffs' Bane Act claim, without leave to amend. The Court also dismissed the Bane Act claim for lack of standing, without leave to amend since any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

amendment would be futile on the merits. The Court, however, withheld judgment on the City's partial motion for judgment on the pleadings on plaintiffs' facial constitutional claims in light of the fact that the preliminary injunction had been appealed to the Ninth Circuit. See Dkt. 31.

On January 8, 2021, the Ninth Circuit issued an order upholding this Court's preliminary injunction. See Dkt. 64. The Ninth Circuit held that this Court correctly found no likelihood of success on the merits of plaintiffs' facial challenges to the sign ordinance, among other things. Id. at 2.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. RELEVANT FACTS AND ALLEGATIONS

### A. The Prior Sign Ordinance Litigation

The Court first considered the constitutionality of the City's sign ordinance in 2017. See generally www.RichardPacheco.com v. City of Baldwin Park, No. 16-CV-09167-CAS (GJSx) (filed C.D. Cal. Dec. 12, 2016). The plaintiffs in that case—operators of the website www.RichardPacheco.com, including members of the Ehlers family—alleged in their first amended complaint that four provisions of the City's sign ordinance, as amended in April 2017, violated the First Amendment. The first challenged provision exempted commercial signs related to special events and grand openings from the requirements of the sign ordinance ("the Business Provisions"). The second challenged provision exempted from regulation and allowed persons the ability to display additional flags for three days before and after three federal holidays—Memorial Day, Independence Day, and Veterans Day—but not other holidays (the "Additional Flag Provision"). The third challenged provision exempted from regulation and allowed persons to display five electioneering signs for 45 days before, and 14 days after, any election (the "Election Provision"). The fourth challenged provision restricted the size of temporary signs allowed to be placed on residential property without a permit (the "Size Provisions").

On July 10, 2017, the Court granted plaintiffs' motion for a preliminary injunction as to the first, second, and third provisions, but denied it as to the fourth provision involving the size of residential signs. See www.RicardoPacheco.com v. City of Baldwin Park, No. 16-CV-09167-CAS (GJSx), 2017 WL 2962772, at *9 (C.D. Cal. July 10, 2017). On the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

merits, the Court found that the Business Provisions evinced a preference for some speakers over others, concluded that they were accordingly content based, and determined that there were at least serious questions as to whether the City could establish that the regulation would survive the strict scrutiny that applied. Id. at *6–7. The Court further concluded that the Additional Flag Provision constituted a content-based regulation by making a distinction between different events and holidays, and determined that there were serious questions as to whether the City could establish that this provision satisfied the strictures of strict scrutiny. Id. at *7–8. Similarly, the Court concluded that the Election Provision expressed a content-based preference for certain kinds of political speech (i.e. speech related to elections as opposed to speech related to matters of general public concern), and determined that there were also serious questions as to whether the City could establish that this provision satisfied strict, or even intermediate, scrutiny. Id. at *8. Finally, the Court concluded that the Size Provisions did not raise any serious constitutional questions on the merits because it was a reasonable content-neutral regulation on the place and manner of speech that did not foreclose plaintiffs from communicating their message through signs of the approved size. Id. at *9.

Following the Court's order on the preliminary injunction, on November 15, 2017, the Baldwin Park City Council amended the sign ordinance in several respects, including by deleting the three provisions that the Court had enjoined. See Amended Minutes, Baldwin Park City Council Regular Meeting, at Item 13 (Nov. 15, 2017), available at http://baldwinpark.granicus.com/DocumentViewer.php?file=baldwinpark_72517e0b2a29c3dc3d1a2b3d5eccffcd.pdf&view=1. On December 4, 2017, the parties reported that they had entered into a settlement agreement resolving the dispute. See www.RichardPacheco.com v. City of Baldwin Park, No. 16-CV-09167-CAS (GJSx), Dkt. 55 (filed C.D. Cal. Dec. 4, 2017).

### B. Relevant Provisions of the Current Sign Ordinance

In its current form, and as presently challenged, the City's sign ordinance allows for the placement of a specified number of both temporary and permanent signs, flags, and pennants on residential and non-residential private property without a city-issued permit, provided that the displays meet the size, illumination, aesthetic, safety, and other general requirements set forth in the sign ordinance and design guidelines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

Specifically, on non-residential property, a person may place the following displays without obtaining a permit:

(a) Up to 20 flags and pennants with a combined area of no more than 80 square feet on a staff or pole of no longer than 20 feet, provided that no single flag or pennant may exceed 15 square feet in area;

(b) Up to 15 permanent signs with a combined area of no more than 45 square feet and a height of no more than 8 feet, provided that no individual sign may exceed 15 square feet in area;

(c) Up to 4 temporary window signs with a combined area of no more than 24 square feet, provided no individual sign may exceed 12 square feet in area, and so long as no more than 40% of the area of any given window becomes covered in signs;

(d) Up to 8 other temporary signs with a combined area of no more than 30 square feet and a height of no more than four feet, provided that no individual sign may exceed 12 square feet in area.

See BPMC § 153.170.040(C)(1).

And for properties in residential areas, a person may place the following displays on their property without obtaining a permit:

(a) Up to 3 flags or pennants of up to 10 square feet on a staff or pole of no longer than 8 feet;

(b) Up to 3 permanent signs with a combined area of no more than 10 square feet and a height of no more than 4 feet;

(c) Up to 6 temporary window signs with a combined area of no more than 9 square feet, except that no more than 50% of the area of any given window may be covered by window signs;

(d) Up to 4 other temporary signs with a combined area of no more than 10 square feet and a height of no more than 3 feet.

Case 2:19-cv-09864-CAS-E   Document 69   Filed 02/17/21   Page 6 of 16   Page ID #:986

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

See BPMC § 153.170.040(D)(1).

In addition to these allowances, a person operating a non-residential property may apply to place an additional temporary 35-square-foot banner for up to 30 days, as many as four times per year, provided that the banner is not displayed for four consecutive 30-day periods. See BPMC § 153.170.060. To apply for a temporary sign permit, an applicant must pay a $21 application fee, complete an application, provide information on the size and content of the proposed sign, and submit a copy of a business license or other validation that the display will be for non-residential use. The application itself requests the following information: (1) the sign address, (2) the owner's name and signature, (3) the owner's mailing address, (4) the business name where the sign will be displayed, (5) the dates for which the sign will be displayed and removed, (6) the type of sign, and (7) a copy or drawing of the sign for identification purposes. The sign ordinance provides that a sign permit application "shall be granted when the City Planner finds the proposed sign to be in conformance with all applicable provisions of this chapter, the Sign Design Guidelines, and other applicable regulations." BPMC § 153.210.260.[1] The City must rule on a temporary sign permit application within 21 days. Id. § 153.210.265.[2] If a temporary permit is not approved, or if a property owner or operator wishes to place a sign of a size or for a duration not permitted by the temporary permitting process, he or she may also apply to the City for a variance pursuant to the standard set forth in BPMC § 153.210 et seq. See BPMC § 153.170.020.

**C.   The City Cites the Ehlers Trust for Violating the Sign Ordinance**

Plaintiff Ehlers' family owns commercial property in Baldwin Park, which, according to public records, is held in trust by the Albert F. Ehlers Personal Trust ("Trust"),

---

[1] The Sign Design Guidelines are available online at the following address: https://www.baldwinpark.com/online-documents/community-development/planning/design-guidelines/1984-bp-chapter1/file.

[2] The sign ordinance also specifies that an application for a permanent sign permit must be ruled upon within 63 days. See BPMC § 153.210.265. However, the Court is unable to locate any provisions in the BPMC that set forth procedures for applying for a permanent sign permit, or what kinds of permanent signs may be placed pursuant to that permitting scheme.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

created by plaintiff Ehlers' father. See FAC ¶ 12. In April 2019, the City became aware of two identical banners on the Trust's property criticizing a member of the Baldwin Park City Council. The banners urge local residents to vote the councilmember in question out of office. No permit had been obtained to place the banners on this property.

On April 17, 2019, the City issued the Trust a notice of violation pursuant to BPMC § 153.170.060, which is the portion of the sign ordinance that allows individuals to apply for a permit to place non-conforming, non-exempt oversize banners on their non-residential property. See Dkt. 40-5 ("April 17 Notice of Violation").[3] Pursuant to the sign ordinance's penalty provisions, the Trust was ordered to correct the violation. The Trust did not do so. For the next several months, the City issued citations and imposed fines against the Trust for its continued non-compliance with the sign ordinance. Altogether, the City fined the Trust at least six times for not less than $7,600. See FAC ¶¶ 41–47; see also Dkts. 40-4 through 40-11 (attaching additional fines and notices all addressed to the Trust).[4] It is undisputed that each fine was charged to the Trust, and not to plaintiff Ehlers or FSC. Id.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1) Motion

"Federal courts are courts of limited jurisdiction" possessing the power to hear cases only when "authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th

---

[3] Although plaintiffs do not attach the notice of violation to their pleadings, because their claims necessarily rely upon it, the document is incorporated by reference into their allegations and the Court may consider it. See Parrino v. FHP Inc., 146 F.3d 699, 706 (9th Cir. 1998). Additionally, the Court may consider extrinsic evidence to the extent it is relevant to determine the existence of subject matter jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

[4] The Court may consider these documents for the same reasons addressed above. See supra fn. 3 (citing Parrino, 146 F.3d at 706 and McCarthy, 850 F.2d at 560).

Case 2:19-cv-09864-CAS-E   Document 69   Filed 02/17/21   Page 8 of 16   Page ID #:988

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

Standing is a jurisdictional requirement, and the party invoking federal jurisdiction has the burden of establishing it for each of its claims and requested remedies. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006) ("[A] plaintiff must demonstrate standing for each claim he seeks to press."). "To meet the constitutional threshold of Article III standing," the party invoking federal jurisdiction must allege that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [the defendant], and (3) that is likely to be redressed by a favorable judicial decision." Daniel v. Nat'l Park Serv., 891 F.3d 762, 766 (9th Cir. 2018) (citing Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)).

When considering a Rule 12(b)(1) motion challenging the substance of factual jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### B. Rule 12(c) Motion

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). Leave to amend shall not be granted where amendment would be futile. Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

## IV. DISCUSSION

The City moves to dismiss plaintiffs' (1) as-applied Eighth and (2) as-applied Fourteenth Amendment claims, and (3) Ehlers' as-applied First Amendment retaliation claims, to the extent those claims derive from fines the City imposed on the Trust, on grounds that Ehlers and FSC lack standing to assert those claims since the fines were not charged to them. See MTD at 5–10.

The City also moves for judgment on the pleadings on plaintiffs' (1) First Amendment claim that the sign provisions unconstitutionally restrict protected speech on their face, (2) First Amendment and Fourteenth Amendment claims to the extent they contend that the permitting provisions constitute an unlawful prior restraint, and (3) the Bane Act claim under California state law. See MJP at 7–19.

The Court considers each motion in turn.

### A. Rule 12(b)(1) Motion

In three of their as-applied claims for relief, plaintiffs allege that the City violated their constitutional rights by allegedly issuing them various citations and fines. See FAC ¶ 57 (citations and fines violate plaintiffs' Fourteenth Amendment rights to due process), ¶¶ 61–66 (citations and fines violate plaintiffs' Eighth and Fourteenth Amendment rights against "excessive fines"), ¶ 69 (citations and fines violate plaintiff Ehlers' First Amendment rights to be free from government retaliation in response to his protected political speech). The City contends that these plaintiffs lack standing to assert these as-applied claims. According to the City, since no plaintiff has actually been cited or fined by the City, no plaintiff has suffered the kind of concrete injury necessary to invoke the Court's subject matter jurisdiction under Article III. See MTD at 5–10.

The City is correct that "constitutional rights are personal and may not be asserted vicariously." Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973). Standing to assert a constitutional claim, like any other, "requires that the party seeking review be himself among the injured." Lujan, 504 U.S. at 563 (quotation omitted). Since the City presents evidence that only the Trust (and not plaintiff Ehlers or plaintiff FSC) have been fined under the City's challenged sign ordinance, see Dkts. 40-5 through 40-11, "[t]o survive the" City's motion, plaintiffs must at least allege "specific facts . . . that one or more of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

[them] would [be] 'directly' affected" by the challenged conduct. Lujan, 504 U.S. at 563 (citations omitted).

Plaintiffs have not done so. Instead, plaintiffs principally respond that they "would have standing to bring this action even if the City had never issued a single fine in this case." MTD Opp. at 3 n.1. That might be true with respect to plaintiffs' facial challenges to the sign ordinance. But the City does not dispute plaintiffs' standing to *facially* challenge the sign ordinance, only its standing to bring these three discrete *as-applied* claims. See MTD Reply at 2. Plaintiffs' only response to that factual attack on jurisdiction is that plaintiffs have standing because plaintiff Ehlers (who is also a member of FSC) is allegedly both the sole trustee and beneficiary of the Trust that received the fines. See Ehlers Decl., Dkt. 46-1 at ¶ 4.

But even accepting the truth of that assertion, it is not enough. First, a beneficiary of a California trust does not have Article III standing to sue on that trust's behalf. See Orff v. United States, 358 F.3d 1137, 1148 (9th Cir. 2004), aff'd, 545 U.S. 596 (2005) (holding that district court properly dismissed action for lack of jurisdiction where farmers attempted to sue on a trust's behalf because a beneficiary "is not the real party in interest and may not sue in the name of the trust") (citation omitted); see also Aguirre v. Cal-W. Reconveyance Corp., No. 11-CV-06911-CAS (AGRx), 2012 WL 273753, at *4 (C.D. Cal. Jan. 30, 2012) ("[A] trust beneficiary cannot sue in the name of the trust." (citation omitted)).[5] And second, even if Ehlers were the "sole" trustee[6] and entitled to sue as trustee

---

[5] The two cases plaintiffs cite to the contrary are inapposite. In each of those cases, courts held that Hawaiian citizens had standing to sue state *trustees* of a public land trust to enforce the terms of the trust on grounds that the citizens were intended beneficiaries of that trust. See Price v. Akaka, 3 F.3d 1220, 1223 (9th Cir. 1993); Rice v. Cayetano, 941 F. Supp. 1259, 1551 (D. Haw. 1996). Plaintiffs' action here does not seek to enforce the terms of a trust against its trustees, and these cases accordingly have no bearing on Ehlers' standing to sue the City as an alleged beneficiary of the Trust.

[6] And Ehlers would need to be the *sole* trustee to have standing to sue on the Trust's behalf. See, e.g., Swinden v. Vanguard Grp., Inc., No. 09-CV-03816-SI, 2009 WL 3415376, at *2 (N.D. Cal. Oct. 21, 2009) (granting motion to dismiss because plaintiff "lack[ed] standing to bring claims on behalf of the Trust without her co-trustee's consent," even though she had alleged facts that she was a trustee).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

on that basis, e.g., Aguirre, 2012 WL 273753 at *4 (concluding that sole plaintiff trustee had standing to sue a third party because a "trustee is the real party in interest with standing to sue and defend on the trust's behalf"), Ehlers has brought this action in his *individual capacity*, and not as trustee of the Trust. See FAC ¶ 12 & Caption (asserting that Ehlers is suing as "an individual"). Indeed, the fact that the Trust, and not Ehlers, owns the Baldwin Park property was not disclosed in the first amended complaint at all.

For these reasons, neither Ehlers nor FSC—which, having suffered no direct injury, has no direct claim for standing, see Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982), and may only sue on an associational basis by claiming Ehlers as a member, see Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977)—has yet made the requisite allegations sufficient to establish plaintiffs standing to pursue the as-applied claims at issue.

The motion to dismiss these claims for lack of standing is therefore **GRANTED** with leave to amend. In any amendment, plaintiffs must at a minimum allege facts that establish that Ehlers is bringing this action in his capacity as trustee, and that he is either the sole trustee of the Trust or otherwise authorized by the Trust to bring this suit on its behalf.

### B. Rule 12(c) Motion

The City next moves for judgment on the pleadings on (1) plaintiffs' two facial constitutional challenges to the City's sign provisions under the First and Fourteenth Amendments, as well as (2) plaintiffs' Bane Act claim. See MJP at 7–19.

#### 1. The Facial Constitutional Challenges

Plaintiffs contend that (i) the sign ordinance's permitting regime is a content-based regulation on protected speech that fails to withstand constitutional scrutiny on its face, and that (ii) the sign ordinance's temporary permitting scheme creates a facially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

unconstitutional prior restraint. The City moves for judgment on the pleadings on grounds that neither claim has merit under the First Amendment or the Fourteenth Amendment.[7]

The Court previously addressed the merits of plaintiffs' facial constitutional challenges in detail in its order denying plaintiffs' motion for a preliminary injunction, effectively as a matter of law. See PI Order at 7–18. With respect to the first claim, the Court concluded that the City's sign ordinance was content neutral and subject to intermediate scrutiny, see id. at 8–11, and that the sign ordinance survived such scrutiny as a matter of law since it was narrowly tailored to further the City's significant interests in community aesthetics and traffic safety, see id. at 12–16. With respect to the second claim, the Court concluded that the temporary permitting scheme was not unconstitutional on its face since it neither confers City administrators with unbridled discretion to grant or deny a permit, nor does its 21-day time limit to grant or deny a permit fail to provide sufficient time limits on the relevant City administrators, see id. at 16–17. The Court maintains that these conclusions are correct as a matter of law, and rejects plaintiffs' present contentions to the extent they relitigate the arguments that the Court previously rejected.

However, in their opposition, plaintiffs advance a novel argument that their allegations "entitle" them to discovery to test whether the challenged ordinance "advances the City's interests in aesthetics and traffic safety." MJP Opp. at 6; see Plt. Supp. Brief. The City, citing a line of cases addressing regulation of billboards, maintains a municipality sufficiently justifies an ordinance by asserting it advances aesthetics and safety. City Supp. Resp. at 7–9; see Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 508 (1981) (plurality joined by Stevens, J., dissenting in part) ("[A]as a matter of law[, ]an ordinance

---

[7] It is not clear from the first amended complaint what plaintiffs' Fourteenth Amendment theory is. In their opposition, however, plaintiffs explain that their Fourteenth Amendment claim challenging the sign ordinance "addresses the lack of adequate notice and a fair hearing procedure" that allegedly violate the Fourteenth Amendment's guarantees for procedural due process, and is "not rooted in substantive due process." MJP Opp. at 12. Because that claim substantively duplicates plaintiffs' First Amendment challenge to the same procedures as an unconstitutional prior restraint, the Court considers them together. See Contest Promotions, LLC v. City and Cty. of San Francisco, 100 F. Supp. 3d 835, 846 (N.D. Cal. 2015) (granting motion to dismiss due process claims in sign ordinance case where the claim overlapped with plaintiff's First Amendment claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

which eliminates billboards designed to be viewed from streets and highways reasonably relates to traffic safety." (quotation omitted)); Get Outdoors II, LLC v. City of San Diego, 381 F. Supp. 2d 1250, 1266–67 (S.D. Cal. 2005) ("the City is not required to present any additional evidentiary justification for its restriction on billboards" where "the concern for aesthetics and safety[] is clearly stated in the Ordinance language"), aff'd sub nom. Get Outdoors II, LLC v. City of San Diego, Cal., 506 F.3d 886 (9th Cir. 2007). However, courts do not necessarily treat temporary signs posted on residential property, for instance, the same as large, permanent billboards. Metromedia, 453 U.S. at 501 ("Each method of communicating ideas is a law unto itself and that law must reflect the differing natures, values, abuses and dangers of each method." (quotation and footnote omitted)); see Metro Lights, LLC v. City of Los Angeles, 551 F.3d 898, 907 (9th Cir. 2009) ("The Metromedia Court began by limiting its holding to billboard advertising."); Arlington Cty. Republican Comm. v. Arlington Cty., Va., 983 F.2d 587, 593 (4th Cir. 1993) (Metromedia "should not be read to extend to restrictions on *temporary* political signs on *residential* property" (emphasis in original)). Furthermore, plaintiffs here allege that the City enacted the ordinance with ulterior motives. Plt. Supp. Brief at 3; FAC ¶¶ 31–33; see Metromedia, 453 U.S. at 510 (upholding regulation where "there [was] no claim in this case that San Diego has as an ulterior motive the suppression of speech"). Finally, in cases involving the curtailment of speech, "the delicate and difficult task falls upon the courts to weigh the circumstances and to appraise the substantiality of the reasons advanced in support of the regulation of the free enjoyment of the rights." Metromedia, 453 U.S. at 519–20 (quotation omitted).

For these reasons, and in light of the fact that the preliminary injunction had been appealed to the Ninth Circuit, see Dkt. 31, the Court initially withheld judgment on the question of discovery. Now that the Ninth Circuit has upheld the Court's preliminary injunction order and has found that there is no likelihood of success on the merits of plaintiffs' facial challenge to the sign ordinance, the Court **GRANTS** the City's motion for judgment on the facial constitutional claims without leave to amend, and denies plaintiffs' request for discovery into whether the sign ordinance advances governmental interests.

2.     **The Bane Act Claim**

California's Bane Act provides a civil remedy against any person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1. "The essence of a Bane Act claim is that the defendant, by . . . 'threats, intimidation or coercion' . . . tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Office, 398 F. Supp. 3d 660, 680 (E.D. Cal. 2019) (quotation omitted).

Plaintiffs here allege that the City's citations and threats to impose a tax lien on the Trust-held Baldwin Park property "interfere with their rights to engage in core political speech" in violation of the Bane Act. See FAC ¶¶ 41–47, 73. The City moves for judgment on plaintiffs' Bane Act claim on grounds that plaintiffs are required to allege, but have failed to allege, that the City issued the citations and threatened the tax lien with violence or threats of violence. See MJP at 7–8; MJP Reply at 2–7. Plaintiffs respond that violence is only a required element when a defendant's speech is the basis of the threat or coercion, and that the basis for their Bane Act claim here is the City's "non-expressive activity." MJP Opp. at 2.

It is undisputed that "[s]peech is insufficient to establish the requisite threat" under the Bane Act "unless it includes [a] threat of violence." Julian v. Mission Cmty. Hosp., 11 Cal. App. 5th 360, 395 (2017) (citing Cal. Civ. Code § 52.1 (k)). But whether or not the City's code citations and threat to impose a tax lien amount to "speech" that requires an additional allegation of violence to give rise to Bane Act liability,[8] the California Court of Appeal has squarely held that a city's administrative citations and threatened financial penalties against a property owner "do[] not establish any conduct that rises to the level of a threat of . . . coercion" sufficient to state a Bane Act claim, even if violence were not an element. City & Cty. of San Francisco v. Ballard, 136 Cal. App. 4th 381, 408 (2006) (emphasis added).

---

[8] And recent authority from the California Court of Appeal suggests that an additional allegation of violence would likely be required. See Ctr. for Bio-Ethical Reform, Inc., v. Irvine Co., LLC, 37 Cal. App. 5th 97, 115 (2019) (holding that "communicating in writing or otherwise that a person will be" penalized "should they chose to engage in certain activities does not amount to the 'egregious interference' contemplated" by the Bane Act, and cannot by itself form the basis for liability) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

In Ballard, the City and County of San Francisco stripped the plaintiff property owner of tax deductions, prevented him from developing the top story of his apartment building, and threatened to impose a $15,000,000 fine because the plaintiff failed to comply with the city's fire sprinkler regulations. Id. at 390–91, 408. The plaintiff alleged that the city's sanctions and threatened monetary penalties violated the Bane Act. Id. at 408. The trial court sustained the city's demurrer, and the Court of Appeal affirmed. Setting aside the question of whether or not the plaintiff needed to allege that the city's conduct was violent, the court held that the plaintiff's allegations "failed to satisfy the requirement" at the "threshold" to plead "that [the] city engaged in a form of coercion" actionable under the Bane Act as a matter of law. Id. at 408.

Ballard is precisely on point. Putting aside the question of violence, plaintiffs' allegations here fail to allege that the City's citations and threatened tax lien amount to coercion that is actionable under the Bane Act as a matter of law. The motion for judgment on the Bane Act claim is accordingly **GRANTED**. Because no amendment could cure the legal defects in plaintiffs' Bane Act theory, as alleged twice already, leave to amend is not warranted.[9]

---

[9] Even though the basis for plaintiffs' Bane Act claim appears to be the City's issuance of citations and threats to the Trust, and not plaintiff Ehlers, the City does not move to dismiss the Bane Act claim for lack of Article III standing as it did with plaintiffs' as-applied constitutional challenges that are also predicated on the same Trust-directed conduct. The Court, however, may assess its subject matter jurisdiction *sua sponte*. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Doing so here, the Court concludes that the same pleading defects that defeat plaintiffs' standing to assert the as-applied constitutional claims above also deprive plaintiffs of standing to assert their Bane Act claim. See supra § IV.A. The Bane Act claim is therefore also **DISMISSED** for lack of jurisdiction. Leave to cure the standing defects is not warranted with respect to the Bane Act claim, however, because the substantive defects in plaintiffs' Bane Act legal theory would render any amendment futile. See In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d at 1084 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:19-CV-09864-CAS-Ex | Date | February 17, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the City's partial motion to dismiss the as-applied claims for lack of standing with leave to amend.[10] The Court also **GRANTS** the City's partial motion for judgment on the pleadings on plaintiffs' Bane Act claim, without leave to amend. The Bane Act claim is also **DISMISSED** for lack of standing, without leave to amend since any amendment would be futile on the merits. Finally, the Court **GRANTS** the City's partial motion for judgment on the pleadings on plaintiffs' facial constitutional claims, without leave to amend.

IT IS SO ORDERED.

00:00
CMJ

---

[10] Plaintiffs filed a second amended complaint on October 16, 2020. See Dkt. 56.