UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                     'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
|---|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Paul Cook | Mitchell Langberg |

**Proceedings:**     MOTION FOR SUMMARY JUDGMENT (Dkt. 75, filed on
SEPTEMBER 9, 2021)

## I.     INTRODUCTION

The sole remaining issue in this case, by stipulation of the parties, is whether
defendant City of Baldwin Park's ordinances regulating permanent signs are facially
constitutional.

On November 18, 2019, plaintiff Baldwin Park Free Speech Coalition ("FSC"), an
association that seeks to promote transparency in local government, and one of its
members, plaintiff Richard Ehlers, ("Ehlers") filed this action against the City of Baldwin
Park ("the City") to challenge the constitutionality and prevent the enforcement of the
City's amended sign ordinance, Baldwin Park Municipal Code ("BPMC") § 153.170.040
et seq. (the "sign ordinance"). See Dkt. 1 ("Compl.").   The City had previously amended
its sign ordinance after the district court issued a preliminary injunction on July 10, 2017,
in www.RicardoPacheco.com et al v. Baldwin Park City, case number 2:16-cv-09167,
restraining the City's municipal code regulating signs as a violation of the First
Amendment.  FSC is challenging the current, revised ordinance.

Plaintiffs filed a first amended complaint on November 25, 2019.  See Dkt. 9
("FAC").  As in the previous action, the first amended complaint alleges that (1) the sign
ordinance violates plaintiffs' rights secured by the First Amendment to the United States
Constitution, as well as the First Amendment to the California Constitution, by imposing:
(a) an unlawful content-based restriction on protected speech, (b) an unlawful prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'   'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
|----------|---------------------|-|------|------------------|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

restraint on protected speech, and (c) an unlawful tax on protected speech. Id. at ¶¶ 49-55.  The first amended complaint also alleges that the sign ordinance (2) violates plaintiffs' rights to due process secured by the Fourteenth Amendment, id. ¶¶ 56-60, (3) imposes an unconstitutional fine in violation of the Eighth and Fourteenth Amendments, id. ¶¶ 61-66, (4) has been used to unlawfully retaliate against Ehlers's free expression, id. ¶¶ 67-71, and (5) violates California's Bane Act (Cal. Civil Code § 52.1), id. ¶¶ 72-74.

On December 30, 2019, plaintiffs filed a motion for a preliminary injunction. See Dkt. 11-1 ("Prelim. Injunct.").  The motion sought to enjoin the City from enforcing the sign ordinance during the pendency of this litigation, and was based solely upon plaintiffs' First Amendment claim for relief. Id. at 1-2.  On February 13, 2020, the Court denied the motion for a preliminary injunction on grounds that plaintiffs failed to raise any serious questions on the merits of their First Amendment claims as a matter of law. See Dkt. 29 ("PI Order").  Plaintiffs appealed the preliminary injunction order to the Ninth Circuit, arguing that this Court abused its discretion in denying appellants' motion for preliminary injunction. Dkt. 30.

On June 29, 2020, while the appeal from the denial from plaintiff's motion for preliminary injunction was pending, the City filed a partial motion for judgment on the pleadings and a motion to dismiss for lack of standing. Dkts. 39-40.  On September 15, 2020, the Court issued an order granting in part the City's partial motion to dismiss and partial motion for judgment on the pleadings. Dkt. 55.  Specifically, the Court granted the City's partial motion to dismiss the as-applied claims for lack of standing with leave to amend, and granted the City's partial motion for judgment on the pleadings on plaintiffs' Bane Act claim, without leave to amend. Id.  The Court also dismissed the Bane Act claim for lack of standing, without leave to amend since any amendment would be futile on the merits.  The Court, however, withheld judgment on the City's partial motion for judgment on the pleadings on plaintiffs' facial constitutional claims of the temporary sign ordinances in light of the fact that the denial of the preliminary injunction motion had been appealed to the Ninth Circuit. See Dkt. 31.

Pursuant to the Court's order, on October 16, 2020, FSC filed a second amended complaint, which is the operative complaint in this action. Dkt. 56 ("SAC").  The SAC expands plaintiffs' specific challenges to BPMC § 153.170.040 and § 153.170.060, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
|---|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

now challenge the entirety of the sign ordinance relating to both permanent and temporary signs. §153.170 et seq.

On January 8, 2021, the Ninth Circuit issued an order affirming this Court's denial of the motion for preliminary injunction. See Dkt. 64. The Ninth Circuit held that this Court had properly determined that there was no likelihood of success on the merits of plaintiffs' facial challenges to the temporary sign ordinance, among other things. Id. at 2. In accordance with the Ninth Circuit's decision, on February 17, 2021, the Court granted the city's partial motion for judgment on the pleadings on plaintiffs' facial constitutional claims, without leave to amend. Dkt. 69 ("Order re Mot. to Dismiss and Mot. on Pleadings").

On September 1, 2021, the parties filed a stipulation for partial dismissal of this action. Dkt. 73 ("Stipulation"). The parties stipulated that they have "entered into an agreement that resolves all aspects of the Lawsuit *other* than BPMC's facial challenges to the constitutionality of the Sign Ordinance concerning permanent signs (the 'remaining claims')." Id. ¶ 3. Further, the parties stated that "because the remaining claims require the court to make a determination as a matter of law based on the face of the Sign Ordinance, the remaining claims" can be resolved through a motion for summary judgment. Id. ¶ 5–6.

On September 1, 2021, this Court issued an order approving the stipulation for partial dismissal, ordering as follows:

> 1.  The First Claim for Relief and the Second Claim for Relief in this matter are dismissed with prejudice as to Ehlers;

> 2.  The Third Claim for Relief and the Fourth Claim for Relief in this matter are dismissed with prejudice;

> 3.  As to [FSC]'s First Claim for Relief and the Second Claim for Relief in this matter, the only remaining portion of those claims are the facial constitutional challenges to the City's Sign Ordinance (the "Sign Ordinance") concerning permanent signs;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
|---|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

      4.     The facial challenges to the Sign Ordinance shall be presented to the Court by way of a summary judgment motion to be filed by the City.

Dkt. 74.

On September 9, 2021, the City filed a motion for summary judgment on the remaining claims. Dkt. 75 ("Mot. for SJ"). On September 23, 2021, FSC filed a non-opposition to defendant's motion for summary judgment. Dkt. 76 ("Non-opposition"). On September 29, 2021, the City filed a reply in support of its motion for summary judgment. Dkt. 77 ("Reply"). On October 6, 2021, this Court held a status conference, to confirm plaintiff's position regarding its non-opposition. Attorneys Paul Cook of the Law Office of Paul Cook and Weston Rowland of the Law Office of Carol A. Sobel were present on behalf of plaintiff FSC. Attorney Mitchell Langberg of Brownstein Hyatt Farber Schreck LLP was present on behalf of the City.

On October 18, 2021, the Court held a hearing on the City's motion for summary judgment.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    The Prior Sign Ordinance Litigation

The Court first considered the constitutionality of the City's sign ordinance in 2017. See generally www.RichardPacheco.com v. City of Baldwin Park, No. 16-CV-09167-CAS (GJSx) (filed C.D. Cal. Dec. 12, 2016). The plaintiffs in that case—operators of the website www.RichardPacheco.com, including members of the Ehlers family—alleged in their first amended complaint that four provisions of the City's sign ordinance, as amended in April 2017, violated the First Amendment.

On July 10, 2017, the Court granted in part plaintiffs' motion for a preliminary injunction as to the content-based provisions of the ordinance, but denied it as to the provision involving the size of residential signs. See www.RicardoPacheco.com v. City of Baldwin Park, No. 16-CV-09167-CAS (GJSx), 2017 WL 2962772, at *9 (C.D. Cal. July 10, 2017). Following the Court's order on the preliminary injunction, on November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'  'JS-6'**

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

15, 2017, the Baldwin Park City Council amended the sign ordinance in several respects, deleting the three provisions that the Court had enjoined. See Amended Minutes, Baldwin Park City Council Regular Meeting, at Item 13 (Nov. 15, 2017), available at http://baldwinpark.granicus.com/DocumentViewer.php?file=baldwinpark725 17eOb2a29c3dc3dla2b3d5eccffcd.pdf&view=l.

### B.    Relevant Provisions of the Current Sign Ordinance

In its current form, and as presently challenged, the City's sign ordinance allows for the placement of a specified number of both temporary and permanent signs, flags, and pennants on residential and non-residential private property without a city-issued permit, provided that the displays meet the size, illumination, aesthetic, safety, and other general requirements set forth in the sign ordinance and design guidelines.

BPMC § 153.170 identifies three categories of signs: (1) exempted signs, which require no permits, (2) signs requiring permits, and (3) signs requiring variances. See BPMC § 153.170.030(A) ("Unless otherwise exempted by § 153.170.040, a sign permit shall be required prior to the placement, construction or physical alteration of the size, height or location of any sign or advertising display in the city.").

Specifically, on non-residential property, a person may place the following displays without obtaining a permit:

(a) Up to 20 flags and pennants with a combined area of no more than 80 square feet on a staff or pole of no longer than 20 feet, provided that no single flag or pennant may exceed 15 square feet in area;

(b) Up to 15 **permanent** signs with a combined area of no more than 45 square feet and a height of no more than 8 feet, provided that no individual sign may exceed 15 square feet in area;

(c) Up to 4 **temporary** window signs with a combined area of no more than 24 square feet, provided no individual sign may exceed 12 square feet in area, and so long as no more than 40% of the area of any given window becomes covered in signs;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   'JS-6'**

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

(d) Up to 8 other **temporary** signs with a combined area of no more than 30 square feet and a height of no more than four feet, provided that no individual sign may exceed 12 square feet in area.

See BPMC § 153.l 70.040(C)(l) (emphasis added).

And for properties in residential areas, a person may place the following displays on their property without obtaining a permit:

(a) Up to 3 flags or pennants of up to 10 square feet on a staff or pole of no longer than 8 feet;

(b) Up to 3 **permanent** signs with a combined area of no more than 10 square feet and a height of no more than 4 feet;

(c) Up to 6 **temporary** window signs with a combined area of no more than 9 square feet, except that no more than 50% of the area of any given window may be covered by window signs;

(d) Up to 4 other **temporary** signs with a combined area of no more than 10 square feet and a height of no more than 3 feet.

See BPMC § 153.170.040(D)(l) (emphasis added).

Moreover, the sign ordinance allows for permitted temporary and permanent signs upon application and approval. BPMC § 153.170.030; § 153.210; § 153.210.250 ("A sign permit is required prior to placing, erecting, constructing or physically altering the size, height or location of any permitted sign or advertising display in the city, except for those signs provided in § 153.170.040."). A sign permit will be granted "when the City Planner finds the proposed sign to be in conformance with all applicable provisions of this chapter, the Sign Design Guidelines and other applicable regulations." BMPC § 153.210.260.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

    The sign ordinance defines a temporary sign as "[a]ny sign constructed of paper, cloth, canvas or other similar lightweight material, with or without frames; or erected by driving a stake or other support into the ground."  BPMC § 153.220.200.  For temporary permitted signs, after application for and approval of a permit pursuant to BPMC § 153.210, a single banner not exceeding 35 square feet may be displayed on non-residential properties for a maximum of 30 consecutive days for up to four nonconsecutive times within a 12-month period ("Temporary Permitted Signs").  BPMC § 153.170.060.  Completion of a temporary sign permit application and a fee of $21.00 is required.  Dkt. 75-2 ("Exh. 1"); Dkt. 75-3 ("Exh. 2").[1]  Once submitted, the Planning Division reviews a temporary sign application for completeness and will notify the applicant within 7 days if additional information is needed.  BPMC § 153.210.090.  The City must approve or deny a request for a temporary sign permit within 21 days of submission.  BPMC § 153.210.265(A).  If the proposed temporary sign conforms to the ordinance and the applicant has paid a fee of $21.00, a sign permit will be issued.  BPMC § 153.210.260.

    The sign ordinance defines a permanent sign as "[e]very sign except temporary signs."  BPMC § 153.220.200.  Permanent sign application forms are available through the Planning Division and are also publicly available on the City's website.  Exh. 1; See also Dkt. 75-4 ("Exh. 3");[2] BPMC § 153.210.080.  With the application, a fee of $68 per

---

[1] The Court take judicial notice of the publicly available City-Wide Fee Schedule, adopted by the Baldwin Park City Council, effective September 2019 under Fed. R. Evid. 201.  Exh. 2.  Facts derived from the publicly available records are judicially noticeable.  See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 & n.1 (9th Cir. 2004) (finding that a court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201.).

[2] The Court takes judicial notice of the publicly available Building Permit/Plan Check/Certificate of Occupancy Application under Fed. R. Evid. 201.  Exh. 3.  Facts derived from the publicly available records are judicially noticeable.  See Disabled Rights Action Comm., 375 F.3d at 866 & n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
|---|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

permanent sign must be paid.  Exh. 2; See also  Dkt.75-5 ("Exh. 4").[3]  Once submitted, the Planning Division reviews the application for completeness and it will notify the applicant within 7 days if additional information is needed.  BPMC § 153.210.090.  The City must approve or deny a request for a permanent sign permit within 63 days of submission.  BPMC §153.210.265(B).

During the review process, the application will be circulated to the applicable department for review and comment to ensure the proposed plan complies with the applicable codes and policies.  BPMC § 153.210.090(C).  The City Planner is the approving authority for sign permits, and is tasked with preparing a written report concerning its recommendation for approval or disapproval based on its compliance with the applicable laws.  BPMC § 153.210.090(D).  This review process is designed to ensure that all signs "comply with the appropriate provisions of the state building code, as adopted by the city, relative to design, construction, structural integrity, connections and safety … and the provisions of the applicable electrical code and the development standards."  BPMC § 153.170.100.

The physical characteristics of permitted permanent signs, such as the type, size, amount, and structural requirements, generally depend on the zoning district of the desired sign.  BPMC § 153.170.080 sets forth the types of signs permitted by zoning district and the development standards for wall, monument, and freestanding signs.

A monument sign is a "sign that is permanently supported by structures or supports in or upon the ground independent from support from any building."  BPMC § 153.220.200.  A freestanding sign is a "sign that is permanently supported by structures or supports in or upon the ground independent from support from any building."  BMPC § 153.220.200.  A wall sign is a "sign and/or sign structure painted on or attached to the face of the outside wall of any building including but not limited to projecting signs, awning signs and marquee signs."  BPMC § 153.220.200.

---

[3] Effective September 19, 2021, the Planning Fee Schedule was updated, in which the permanent sign fee was increased to $70.00 per sign.  Exh. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'  'JS-6'**

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

Signs that are not compliant with the scope of permitted or exempt signs under the ordinance may only be hung if a variance is obtained under Section 153.210.  BPMC § 153.170.030(B).

### C.     The Current Litigation

Initially, Ehlers and FSC asserted facial First and Fourteenth Amendment challenges to the City's temporary sign ordinances related to two identical banners that Ehlers hung on the East and West sides of a commercial property located at 15110 Ramona Road, Baldwin Park, CA 91706-0000.  FAC ¶¶ 49-55, 58-69.

Plaintiff Ehlers' family owns commercial property in Baldwin Park, which is held in trust by the Albert F. Ehlers Personal Trust ("Trust"), created by Ehlers' father.  See FAC, ¶ 12.  In April 2019, the City became aware of two identical banners on the Trust's property criticizing a member of the Baldwin Park City Council.  The banners urge local residents to vote the councilmember in question out of office.  No permit had been obtained to place the banners on this property.

On April 17, 2019, the City issued the Trust a notice of violation pursuant to BPMC § 153.170.060, which is the portion of the sign ordinance that allows individuals to apply for a permit to place non-conforming, non-exempt temporary oversize banners on their non-residential property.  See Dkt. 40-5.  Pursuant to the sign ordinance's penalty provisions, the Trust was ordered to correct the violation.  The Trust did not do so.  For the next several months, the City issued citations and imposed fines against the Trust for its continued non-compliance with the sign ordinance.  Altogether, the City fined the Trust for not less than $12,000.  See SAC ¶¶ 7; see also Dkts. 40-4 through 40-11.

By stipulation, the parties agree that all claims asserted by Ehlers shall be dismissed with prejudice.  Stipulation at ¶ 4.  The parties also entered into an agreement that resolves all aspects of the lawsuit other than FSC's facial challenges to the constitutionality of the sign ordinance concerning permanent signs.  Id. at ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

## III.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

If the nonmoving party fails to challenge the facts asserted by the moving party, the court may consider the facts undisputed for purposes of the motion and grant summary judgment if the undisputed facts and the motion and supporting papers show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**  **'JS-6'**

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

the movant is entitled to it.  Fed. R. Civ. Proc. 56(e)(2)-(3).  Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 14-G.

## IV.    DISCUSSION

The only remaining issue before this Court is whether or not the BPMC is facially constitutional as it relates to permanent signs.  The City argues that, similar to the sections related to temporary signs, the remaining provisions of §153.170 related to permanent signs are content neutral and as such, subject to intermediate scrutiny.  Mot. for SJ at 16.

Content-neutral "restrictions on the time, place, or manner of protected speech" are ordinarily subject to intermediate scrutiny.  Ward v. Rock Against Racism, 491 U.S. 781, 797 (1989).  A regulation that is content neutral on its face must be analyzed pursuant to the intermediate scrutiny standard unless it "cannot be justified without reference to the content of the regulated speech," or unless it was plainly "adopted by the government because of disagreement with the message" that the regulated speech conveys.  Reed v. Town of Gilbert, 135 S. Ct. 2218, 2227 (2015).  A content-neutral regulation that "limit[s] 'the time, place, and manner of expression'" will be upheld "if the regulations are [1] narrowly tailored to serve a significant government interest, and [2] leave open ample alternative channels of communication."  Comite de Jomaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 940 (9th Cir. 2011) (en banc) (quoting Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983)).

The City argues that the sign ordinance "merely regulates the size and quantity of signs based on whether they are temporary or permanent, and if permanent, the amount, type, and location based on the zone district and land use."  Mot. for SJ at 17.  Further, the City emphasizes that the ordinance does not categorize signs based on their content. Id.  See also BPMC § 153.170.050; § 153.170.070; § 153.170.080; § 153.170.090.  Nor do location restrictions relate to the content of allowed signs.  See e.g. § 153.170.080 (allowing 1 monument sign with a maximum area of 40 square feet and 1 or more wall signs with a maximum of "1 [square foot] of sign area for each linear foot of primary building frontage"); BPMC § 153.170.090 (permitting a maximum of four canopy signs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'   'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

at service stations and one pennant for every 2,500 square feet of lot area up to 12 pennants at automobile dealerships).

Applying the intermediate scrutiny test to the content-neutral ordinance, the City argues that §153.170 et seq. is narrowly tailored to serve significant government interests. The City notes that this Court previously found that the sign ordinance furthered the City's interest in community aesthetics and traffic safety, dkt. 69 at 12, and that "traffic safety and the appearance of the city [] are substantial government goals." Metromedia, Inc. v. City of San Diego, 453 U.S. 490 507-08 (1981). Defendants emphasize that particularly for permanent signs, the City has an interest ensuring that signs that are permanently affixed to structures or are themselves permanent structures "comply with the appropriate provisions of the state building code, as adopted by the city, relative to design, construction, structural integrity, connections and safety." BPMC § 153.170.100(A).

The City argues that the sign ordinance is narrowly tailored to serve these safety and aesthetic interests. Indeed, the sign ordinance allows "[u]p to 15 permanent signs with a combined area of no more than 45 square feet" without obtaining a permit. BMPC § 153.170.040(C)(1)(b). The Code requires that other permanent signs, such as monument, wall, and free-standing signs, must be permitted. The City contends that these permits are narrowly tailored and necessary because permanent signs are "supported by structures" or erected by way of supports in or upon the ground, and thus must be regulated to ensure compliance with building codes. BMPC § 153.170.040(C)(1). Moreover, the City explains that the standards and guidelines for reviewing a permit are non-discretionary: BMPC § 153.210.260 provides that for a permit to be approved, the proposed sign must be in conformance with the sign ordinance and other applicable regulations such as the building and electrical codes. Mot. for SJ at 23. Finally, the City alleges that there are ample alternative channels of communication. The sign ordinance does not limit any medium of expression, it only limits oversized permanent signs by requiring a variance or permit. Therefore, the City alleges, the sign ordinance passes constitutional muster under the intermediate scrutiny test.

FSC filed a motion of non-opposition and stipulated to the facial constitutionality of the sign ordinance as it is currently codified. Non-Opposition at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

This Court previously held that "the City's sign ordinance was content neutral and subject to intermediate scrutiny, see [PI order] at 8-11, and that the sign ordinance survived such scrutiny as a matter of law since it was narrowly tailored to further the City's significant interests in community aesthetics and traffic safety." Dkt. 69 at 12. The Ninth Circuit affirmed this ruling. See generally Baldwin Park Free Speech Coal. v. City of Baldwin Park, 843 F. App'x 21, 23 (9th Cir. 2021) ("The Temporary Sign Ordinances are also content-neutral as they apply to all signs regardless of content").

Here, the remaining provisions are similarly content neutral. Indeed, the permanent sign provisions impose narrowly tailored time, place, and manner restrictions for permanent signs, which serve significant government interests and allow for ample alternative channels of communication. The sign ordinance imposes similar limits on the number and combined area for permanent signs as it does for temporary signs without a permit. BPMC § 153.l 70.040(C)(l) (allowing for "15 permanent signs with a combined area of no more than 45 square feet" and "up to 4 temporary window signs with a combined area of no more than 24 square feet" on non-residential property). Moreover, the sign ordinance allows for additional permanent signs with the application of a permit, just as it does for temporary signs. BMPC § 153.210.250. The application process is likewise similar for both permanent and temporary signs, requiring completion of a temporary sign permit application and fee, and reviewal for completeness, varying only in minor ways such as the amount of days the City has to review the material and the application fee cost. BPMC § 153.210.090; § 153.210.265(A); § 153.210.090; §153.210.265(B). The only distinct additional requirements for permanent signs relate to structural requirements and zoning restrictions. None relate to the content of the sign. BPMC § 153.170.080.

Accordingly, the Court finds and concludes, as it did in its previous ruling regarding the temporary sign provisions of §153.170, that the remaining provisions in BPMC § 153.170 related to permanent signs are content-neutral regulations and that the City has met its initial burden of showing there is no genuine issue of material fact.

Moreover, the City argues that the permit requirement for permanent signs under the BMPC is not an unconstitutional prior restraint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL  'O'  'JS-6'

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

"The term prior restraint is used 'to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur.'" Alexander v. United States, 509 U.S. 544, 550 (1993) (internal citation omitted).   In challenges to government permitting requirements, the Supreme Court has identified two types of unconstitutional prior restraints: "[1] an ordinance that vests unbridled discretion in the licensor, or [2] an ordinance that does not impose adequate time limits on the relevant public officials." Get Outdoors II, LLC v. Cty. Of San Diego, Cal., 506 F.3d 886, 894-5 (9th Cir. 2007) (internal marks omitted) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 225 (1990) and Forsyth County v. Nationalist Movement, 505 U.S. 123 (1992)).

Here, similar to the permit requirements for temporary signs, the permit requirement for permanent signs is not an unconstitutional prior restraint.  First, the sign ordinance permit requirement does not give City employees the discretion to grant or deny applications based on the content of the proposed sign.  See BMPC § 153.210.260 (stating that a sign permit will be approved if it is in conformance with the requirements of the sign ordinance).  Second, the permit requirement imposes reasonable time limits for public officials to make a determination on the application.  The Ninth Circuit has held that sign ordinances with this type of cabined review criteria do not confer unbridled discretion upon regulators, and are not prior restraints.  See G.K. Ltd. Travel v. Cty. Of Lake Oswego, 436 F.3d 1064, 1083 (9th Cir. 2006) (sign ordinance that allowed a city to "deny permits only when the sign does not comport with the [sign ordinance's] reasonably specific size and type criteria or is not compatible with the surrounding environment" was not a prior restraint because these criteria were "explicitly defined").  Second, the sign ordinance provides that a determination on a permanent sign permit will be completed within a maximum 63 days for a permanent sign permit.  BMPC §153.210.260(B).  This time limit, although longer than the 21-day time limit for temporary signs, is an adequate limit consistent with time limits upheld by other courts considering comparable speech licensing regimes.  See e.g., Citizens for Free Speech, LLC v. Cty. of Alameda, 114 F. Supp. 3d 952, 966 (N.D. Cal. 2015) (concluding that "120-day time period" was "a reasonable time frame to confine the discretion granted by Section 17.54.130").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'  'JS-6'**

| Case No. | 2:19-cv-09864-CAS-Ex | | Date | October 18, 2021 |
|---|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | | |

Accordingly, the Court finds and concludes that the permit requirement of § 153.170 related to permanent signs is not an unconstitutional prior restraint on speech.

Finally, the City contends that FSC's facial due process challenge fails as a matter of law. In their second amended complaint, FSC states that the "City lacks sufficient standards and guidelines to ensure a fair review process that constrains the ability of public officials to engage in arbitrary and capricious actions and to manipulate City laws and regulations to restrict the voice of its critics." SAC ¶ 66. In its motion for summary judgment, the City counters that the sign permit provisions provide sufficient standards and guidelines to satisfy the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIII. Procedural due process requires notice of an "opportunity to be heard at a meaningful time and in a meaningful manner." Schneider v. County of San Diego, 28 F.3d 89, 92 (9th Cir. 1994).

Here, the City's review and approval process is not arbitrary and capricious because the sign ordinance provides for a non-discretionary review of the sign permit. The City Planner must approve the permit requests if the application fee is paid and the physical characteristics of the sign comply with the size, location, and number of signs detailed in BPMC § 153.170 and other applicable codes, such as building and electrical codes. See BMPC § 153.210.260.

Accordingly, the Court finds and concludes that the sign ordinance provides sufficient standards and guidelines for obtaining a permit for permanent signs and does not violate the Due Process Clause as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'  'JS-6'**

| Case No. | 2:19-cv-09864-CAS-Ex | Date | October 18, 2021 |
|---|---|---|---|
| Title | BALDWIN PARK FREE SPEECH COALITION, ET AL. V. CITY OF BALDWIN PARK | | |

## V.     CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion for summary judgment as to the facial constitutionality of the permanent sign provisions of BMPC § 153.170 et seq.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |